IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| TERRY MILLER | § | |
| v. | § | CIVIL ACTION NO. 6:13cv318 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Petitioner Terry Miller, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Miller was convicted of aggravated assault and possession of a firearm by a felon on July 17, 2003, receiving sentences of 40 years and ten years respectively. This is the second federal habeas corpus petition which Miller has filed concerning these same convictions. *See* Miller v. Director, TDCJ, civil action no. 6:06cv195 (E.D.Tex., dismissed June 16, 2006, appeal dismissed by denial of certificate of appealability February 13, 2007).

In filing the present petition, Miller offered nothing to show that he had received permission from the Fifth Circuit to file a successive petition, as required by 28 U.S.C. §2244(b)(3). On May 1, 2013, the Magistrate Judge issued a Report recommending that the petition be dismissed until such time as Miller received permission from the Fifth Circuit to file a successive petition. Miller filed objections to the Magistrate Judge's Report on May 16, 2013.

In his objections, Miller states that his petition should not be treated as successive because he sent it to the Fifth Circuit and the Fifth Circuit "referred to it as an original." He says that he complied with 28 U.S.C. §2244, but the Fifth Circuit suggested that he file his petition in district court. Alternatively, Miller says, if the district court feels that he has failed to comply with the requirement of obtaining permission, then the district court should forward Miller's motion for leave to the Fifth Circuit.

Miller points to a letter which he received from the Fifth Circuit dated March 22, 2013. This letter, attached to docket no. 9, reads as follows:

> I am returning your petition, complaint or other papers, for the following reason(s):
>
> We do not accept original petitions for habeas corpus. You should file your petition with the appropriate U.S. District Court. You must exhaust all available state remedies as well. We are also returning returning [sic] the $5.00 check from the Texas Department of Criminal Justice Inmate Trust Fund.

It is apparent that when Miller sent his documents to the Fifth Circuit, he did not make clear that he was trying to file a motion for leave to file a successive petition rather than an original habeas petition. Had the Fifth Circuit understood that he was trying to file a motion for leave to file a successive petition, this motion would have been docketed and given a cause number, but the on-line dockets of the Fifth Circuit confirm that no such motion from Miller has been filed. Instead, the clerk of the Fifth Circuit concluded that Miller was trying to file an original petition rather than a motion for leave to file a successive petition, and the documents were returned to Miller for that reason.

The fact that Miller did not make his intent clear when sending documents to the Fifth Circuit does not alter the legal requirement that he obtain permission from the Fifth Circuit before he can proceed with a successive petition in the district court. Until Miller receives such permission, the district court lacks jurisdiction to entertain his claims. Crone v. Cockrell, 324 F.3d 833, 836 (5th Cir. 2003). His objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in the cause, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 6) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED without prejudice. Miller may refile his petition at such time as he obtains leave from the Fifth Circuit Court of Appeals to file a second or successive petition, but he may not refile the petition without first obtaining such leave. It is further

ORDERED that the Petitioner's motion for issuance of a certificate of appealability (docket no. 8) is DENIED. The Petitioner Terry Miller is hereby denied a certificate of appealability *sua sponte*, with the denial of this certificate relating only to an appeal of the present case and having no effect upon the Petitioner's right to seek permission from the Fifth Circuit to file a successive petition. It is further

ORDERED that the Petitioner's motion for leave to appeal the Report of the Magistrate Judge (docket no. 9) is DENIED because Reports of the Magistrate Judge are not appealable. Trufant v. Autocon, Inc., 729 F.2d 308, 309 (5th Cir. 1984). It is further

ORDERED that the Clerk shall send to Miller a copy of docket no. 1 in this case, including attachment no.'s 1 and 2. Finally, it is

ORDERED that any and all other motions which may be pending in this civil action are hereby DENIED.

**It is SO ORDERED.**

**SIGNED this 3rd day of June, 2013.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE